UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES PATRICK CRATTY,

    Plaintiff,

                                                Case No. 11-CV-10064

v.

                                                HONORABLE DENISE PAGE HOOD

THOMAS S. EVELAND, et al.,

    Defendants.

_____/

**ORDER GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS,**
**ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER,**
**and**
**ORDER DISMISSING COMPLAINT**

On January 6, 2011, Plaintiff Charles Patrick Cratty filed the instant case against various Defendants. Plaintiff also filed an Application to Proceed In Forma Pauperis on the same date and an Emergency Motion for Retraining Order on January 19, 2011.

A review of Plaintiff's application supports his claim of pauper status. The Court grants *in forma pauperis* status to proceed without prepayment of the filing fee for this action. However, for the reasons set forth below, the Court dismisses the Complaint.

In *McGore v. Wrigglesworth,* the Sixth Circuit clarified the procedures a district court must follow when faced with a civil action filed by a non-prisoner proceeding *in forma pauperis*:

> Unlike prisoner cases, complaints by non-prisoners are not subject to the screening process required by § 1915A. However, the district court must still screen the complaint under § 1915(e)(2) ... Section 1915(e)(2) provides us with the ability to screen these, as well as prisoner cases that satisfy the requirements of this section. The screening must occur even before process is served or the individual has had an opportunity to amend the complaint. The complaint must be dismissed if it falls within the requirements of § 1915(e)(2) when

filed.

*McGore v. Wrigglesworth,* 114 F.3d 601, 608 (6th Cir. 1997).  Federal courts hold the *pro se* complaint to a "less stringent standard" than those drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519 (1972).

Liberally construing the Complaint, Plaintiff's Complaint fails to state a claim upon which relief may be granted under Rules 8(a)(2) and 12(b)(6) of the Rules of Civil Procedure.  *See, Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007) and *Ashcroft v. Iqbal,* ___ U.S. ___, 129 S.Ct. 1937, 1948-51, 173 L.Ed.2d 868 (2009)("bare assertions ... amount[ing] to nothing more than a 'formulaic recitation of the elements' of a constitutional discrimination claim," for the purposes of ruling on a motion to dismiss, are not entitled to "an assumption of truth.")

It is noted that the document submitted by Plaintiff is entitled, "Affidavit of Truth CRIMINAL COMPLAINT."  Plaintiff has not submitted any legal authority that this Court may review a "criminal complaint" filed by an individual, other than one brought by the United States Attorney.  The federal district courts have original jurisdiction over criminal cases of offenses against the laws of the United States.  28 U.S.C. § 3231.  Plaintiff's "CRIMINAL COMPLAINT" fails to show that this Court has jurisdiction over the claims set forth in the document.

Plaintiff's "CRIMINAL COMPLAINT" and Emergency Motion for Restraining Order reference to a case before the "56th District Court / Circuit Court" which involves a "Warrant" against Plaintiff.  To the extent Plaintiff is seeking restraint of criminal matters pending before the "56th District Court / Circuit Court," the Court declines to issue such a restraining order at this time.  Although a criminal prosecution commenced in a state court against the United States or any agency thereof or any officer of the United States under color of such office may be removed to a federal

district court, Plaintiff does not allege he is an officer of the United States. See 28 U.S.C. § 1442(a). Plaintiff's criminal action cannot be removed to the federal district court. Plaintiff may later file a writ of habeas corpus under 28 U.S.C. § 2254 to challenge his conviction and custody on the ground that his custody is in violation of the Constitution, but only *after* he has exhausted his remedies available in the state courts. To recover monetary damages for an allegedly unconstitutional conviction or imprisonment, a plaintiff must file a suit under 42 U.S.C. § 1983 and prove that the conviction or sentence was reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by the issuance of a federal writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). A § 1983 suit in which a plaintiff seeks damages in connection with proceedings leading to his allegedly wrongful state court conviction is not cognizable where the plaintiff's conviction has never been reversed or otherwise invalidated. *See Patrick v. Laskaris*, 25 F. Supp. 2d 432, 433 (S.D.N.Y. 1998).

It appears that in this case, Plaintiff's criminal action is ongoing at the trial level. Plaintiff's Emergency Motion for Restraining Order asserts that a Status Conference is scheduled for January 20, 2011. Plaintiff claims this issue of bond will be addressed at the Status Conference and he seeks a temporary restraining order so that his constitutional rights will not be violated. Plaintiff asserts in his "CRIMINAL COMPLAINT" that the officers and judges involved in his criminal case are not properly sworn. Plaintiff does not allege that he has been convicted, that his conviction has been overturned, expunged, or called into question by a writ of habeas corpus. His allegations, relating to his criminal prosecution, conviction, and incarceration against the defendants, fail to state a claim for which relief may be granted and must, therefore, be dismissed. *See Adams v. Morris,* 90 Fed. Appx. 856, 858 (6th Cir. 2004); *Dekoven v. Bell,* 140 F. Supp. 2d 748, 756 (E.D. Mich. 2001).

When a prisoner's civil rights claim is barred by the *Heck v. Humphrey* doctrine, the appropriate course for a federal district court is to dismiss the claim for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(h)(3), rather than to dismiss the complaint with prejudice as being frivolous, because the former course of action is not an adjudication on the merits and would allow the prisoner to reassert his claims if his conviction or sentence is later invalidated. *See Murphy v. Martin,* 343 F. Supp. 2d 603, 609 (E.D. Mich. 2004). Because this Court is dismissing Plaintiff's complaint relating to any state convictions under *Heck*, the dismissal will be without prejudice. *Diehl v. Nelson*, 198 F. 3d 244, 1999 WL 1045076 (6th Cir. Nov. 12, 1999)(citing to *Fottler v. United States*, 73 F.3d 1064, 1065 (10th Cir. 1996)).

For the reasons set forth above,

IT IS ORDERED that the Application to Proceed *In Forma Pauperis* **(No. 2, filed 1/6/2011)** is **GRANTED**.

IT IS FURTHER ORDERED that the Emergency Motion for Restraining Order **(No. 3, filed 1/19/2011)** is **DENIED**, the Court having found no authority to enter such an order in this case.

IT IS FURTHER ORDERED that the Complaint **(No. 1, filed 1/6/2011)** is **DISMISSED** without prejudice. After Plaintiff has exhausted all his remedies before the State Courts, Plaintiff may thereafter file the appropriate Writ of Habeas Corpus, if he so chooses.

IT IS FURTHER ORDERED that Plaintiff's Complaint is DISMISSED as frivolous under 28 U.S.C. § 1915(e)(2)(B). An Appeal of this Order would be frivolous and would not be taken in good faith. 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962), *McGore*, 114 F.3d at 610-611.

        s/Denise Page Hood
        Denise Page Hood
        UNITED STATES DISTRICT JUDGE

Dated: January 20, 2011

I hereby certify that a copy of the foregoing document was mailed to Charles Cratty, P.O. Box 206, Lincoln Park, MI 48146 and the attorneys of record on this date, January 20, 2011, by electronic and/or ordinary mail.

        s/LaShawn R. Saulsberry
        Relief Case Manager, (313) 234-5167